FILED
2018 Aug-06  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LAKEISHA CHESTNUT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 2:18-cv-907-KOB |
| | ) | |
| JOHN H. MERRILL, Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO THE AMENDED COMPLAINT

Defendant John Merrill, sued in his official capacity as Alabama Secretary of
State, Answers the Amended Complaint (doc. 14) as follows:

### Introductory Comment

Plaintiffs' Amended Complaint, rather than being a "short and plain
statement" of their claim, Fed. R. Civ. P. 8(a)(2), reads like a 32-page, 109-paragraph
press release. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63
F.3d 1030, 1046 n. 51 (11th Cir. 1995) (characterizing the complaint at issue as "a
quintessential shotgun pleading, replete with vague and cursory allegations");
*Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("[Plaintiff's complaints]
are quintessential 'shotgun' pleadings, replete with factual allegations that could not
possibly be material to any of the causes of actions they assert."). Beginning with
the 1870s, Plaintiffs recount long-ago racial sins by people who were dead long

before passage of the challenged 2011 law, even though the Supreme Court has ruled that Alabama cannot forever be condemned for historic acts. *Shelby County v. Holder*, 570 U.S. 529, 552-53 (2013). They allege that discrimination by municipalities is relevant in a challenge to a State law (*see* doc. 14 ¶ 78, recounting actions by the City of Evergreen), and they allege that this law should be viewed with suspicion because of laws that courts held *not* to be discriminatory (*see* doc. 14 ¶ 82, complaining of a legal challenge to a photo ID law in which the District Court entered summary judgment for the State on grounds that the law did not discriminate against minority voters). They allege acts by private citizens, a Presidential candidate, and a Senatorial candidate rejected by Alabama voters, even though such acts have no probative value in ascertaining the motivations of the Alabama Legislature. *See* doc. 14 ¶¶ 89-90. Many paragraphs contain numerous factual allegations, some of which are true and some of which are not, mixed in with general conclusory comments on Alabama history.

All of this makes it a challenge to respond to the Amended Complaint; as noted below, Secretary Merrill cannot even respond to some of the most general paragraphs in their current form. But because the Amended Complaint *does* manage to convey to the Secretary the nature of the claim being raised and at least some of the grounds upon which Plaintiffs intend it to rest, *see Weiland v. Palm Beach Cty.*

*Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015), Secretary Merrill now answers its allegations as follows to the best of his ability:

### Responses to Numbered Paragraphs

1.     Admitted that Plaintiffs bring the action as described. Otherwise denied.

2.     Denied.

3.     Denied.

4.     Admitted.

5.     Admitted that the BVAP of CD 7 was 58.33% in Alabama's 2002 Congressional districting plan and 60.91% in in Alabama's 2011 Congressional districting plan. Any allegations or implications of discriminatory intent in the drawing of CD 7 are denied.

6.     Denied.

7.     The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same.

8.     Denied.

9.     Admitted that Plaintiffs seek the relief alleged in this paragraph; denied that they are entitled to the relief sought.

10.     Denied to the extent jurisdiction of this matter lies with a three-judge court.

11.     Denied to the extent jurisdiction of this matter lies with a three-judge court.

12.     Admitted.

13.     Upon information and belief, admitted that Plaintiff LaKeisha Chestnut is an African-American citizen of the United States and the State of Alabama; that she is a resident and registered voter in Mobile County in CD 1, and has been since 2016; and that she votes Democratic. The Secretary denies the remaining allegations in this paragraph.

14.     Upon information and belief, admitted that Plaintiff Marlene Martin is an African-American citizen of the United States and the State of Alabama, and that she is a resident and registered voter in Montgomery County in CD 7. The Secretary denies the remaining allegations in this paragraph.

15.     Upon information and belief, admitted that Plaintiff Bobby DuBose is an African-American citizen of the United States and the State of Alabama, and that he is a resident and registered voter in Jefferson County in CD 7. The Secretary denies the remaining allegations in this paragraph and denies that this Plaintiff has standing to pursue this claim based upon the facts alleged.

16.     Upon information and belief, admitted that Plaintiff Rodney Love is an African-American citizen of the United States and the State of Alabama, and that he is a resident and registered voter in Jefferson County in CD 7. The Secretary denies

the remaining allegations in this paragraph and denies that this Plaintiff has standing to pursue this claim based upon the facts alleged.

17.    Upon information and belief, admitted that Plaintiff Janice Williams is an African-American citizen of the United States and the State of Alabama, and that she is a resident and registered voter in Jefferson County in CD 7. The Secretary denies the remaining allegations in this paragraph and denies that this Plaintiff has standing to pursue this claim based upon the facts alleged.

18.    Upon information and belief, admitted that Plaintiff Karen Jones is an African-American citizen of the United States and the State of Alabama, and that she is a resident and registered voter in Montgomery County in CD 7. The Secretary denies the remaining allegations in this paragraph.

19.    Upon information and belief, admitted that Plaintiff Roderick Clark is an African-American citizen of the United States and the State of Alabama, and that he is a resident and registered voter in Bullock County in CD 2. The Secretary denies the remaining allegations in this paragraph.

20.    Upon information and belief, admitted that Plaintiff John Harris is an African-American citizen of the United State and the State of Alabama, and that he is a resident and registered voter in Lee County in CD 3. The Secretary denies the remaining allegations in this paragraph and denies that this Plaintiff has standing to pursue this claim based upon the facts alleged.

21.     Upon information and belief, admitted the Plaintiff Minnie Austin is an African-American citizen of the United States and the State of Alabama, and that she is a resident and registered voter in Macon County in CD 3. The Secretary denies the remaining allegations in this paragraph.

22.     Upon information and belief, admitted that Plaintiff Joseph Boykins is an African-American citizen of the United States and the State of Alabama, and that he is a resident and registered voter in Clarke County in CD 7. The Secretary denies the remaining allegations in this paragraph.

23.     Admitted.

24.     The text of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, speaks for itself.

25.     *Thornburg v. Gingles*, 478 U.S. 30 (1986), speaks for itself.

26.     *Thornburg v. Gingles*, 478 U.S. 30 (1986), speaks for itself.

27.     The text of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, speaks for itself, as does the Senate Report on the 1982 amendments to the Voting Rights Act, S. Rep. No. 97-417, at 28-29 (1982).

28.     Admitted that the "Senate factors" listed in paragraph 28 are among those listed in the Senate Report on the 1982 amendments to the Voting Rights Act. Otherwise, the Senate Report speaks for itself. *See* S. Rep. No. 97-417, at 28-29 (1982).

29.     The Senate Report, S. Rep. No. 97-417 (1982), and cited case, *United States v. Marengo County Commission*, 731 F.2d 1546 (11th Cir. 1984), speak for themselves.

30.     Admitted.

31.     Admitted, upon information and belief.

32.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

33.     Admitted.

34.     The holding in *Alabama Legislative Black Caucus v. Alabama*, 231 F. Supp. 3d 1026 (M.D. Ala. 2017), speaks for itself.  Otherwise, the Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

35.     Admitted that CD 7 is the only Congressional district created by Act 2011-518 with a majority minority racial composition, that the district has elected African-American Representatives to Congress since 1992, and that Congresswoman Terri Sewell is the current Representative for CD 7, having been first elected to that position in 2010. The Secretary objects to the remaining allegations in this paragraph as argument, and denies the same.

36.     Admitted.

37.     Admitted.

38.     Admitted that CD 7's BVAP increased to 60.91% in the 2011 redistricting process. Otherwise, denied.

39.     The Secretary objects to the allegations in this paragraph as argument, and denies the same.

40.     Admitted, upon information and belief.

41.     The Secretary objects to the allegations in this paragraph as argument, and denies the same.

42.     Denied.

43.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same. The Secretary further denies that a constitutional district could be drawn linking three separate majority-black areas located in three separate Congressional districts.

44.     First, fifth, and sixth sentences admitted. Otherwise, the Secretary lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and so denies the same.

45.     Admitted that the counties that traditionally compose the Black Belt are divided among four of Alabama's Congressional districts. Denied that the African-American population was deliberately "cracked" into three Congressional districts.

46.     Admitted.

47.     Admitted that a majority of white voters in Alabama currently tend to support Republican candidates. Otherwise denied.

48.     Admitted that Democratic candidate Doug Jones won a statewide special election in 2017 to fill Alabama's second seat in the United States Senate. The Secretary lacks sufficient information to admit or deny the remaining allegations in this paragraph, and so denies the same.

49.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

50.     Admitted that since 1965, Alabama's first congressional district has continuously been represented by Republicans. Otherwise, the Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

51.     Admitted that Democratic candidate Burton LeFlore has twice sought election to the U.S. House of Representatives from CD 1, and has twice lost to Republican candidate Bradley Byrne, in 2013 and 2014. Denied that LeFlore's defeat was as a result of racially polarized voting. The remaining allegations in this paragraph are denied.

52.     The holding in *Buskey v. Oliver*, 565 F. Supp. 1473 (M.D. Ala. 1983), speaks for itself. Denied that a recitation of findings made in the cited case is

sufficient to meet Plaintiffs' burden of proof in this case. The remaining allegations in this paragraph are denied.

53.    The holdings in *United States v. Dallas County Commission* speak for themselves. *See* 739 F.2d 1529 (11th Cir. 1984) *and* 636 F. Supp. 704 (S.D. Ala. 1986), *rev'd on other grounds*, 791 F.2d 831 (11th Cir. 1986). Denied that a recitation of findings made in the cited case is sufficient to meet Plaintiffs' burden of proof in this case.

54.    The holding in *Dillard v. Baldwin County Commission*, 222 F. Supp. 2d 1283 (M.D. Ala. 2002), speaks for itself. Denied that a recitation of findings made in the cited case is sufficient to meet Plaintiffs' burden of proof in this case.

55.    The holding in *Brown v. Board of School Commissioners*, 542 F. Supp. 1078 (S.D. Ala. 1982), speaks for itself. Denied that a recitation of findings made in the cited case is sufficient to meet Plaintiffs' burden of proof in this case.

56.    Denied.

57.    Admitted that the State of Alabama did, in the past, implement voting practices designed to hinder African Americans' ability to participate in the political process; denied that it continues to do so today. Otherwise, denied.

58.    The Secretary lacks sufficient information to admit or deny the allegations contained in this paragraph, and so denies the same. Averred that the

allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

59.    The Secretary lacks sufficient information to admit or deny the allegations contained in this paragraph, and so denies the same. Averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

60.    The Secretary lacks sufficient information to admit or deny the allegations contained in this paragraph, and so denies the same. Averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

61.    The Secretary lacks sufficient information to admit or deny the allegations contained in this paragraph, and so denies the same. Averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

62.    Admitted, but averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

63.    *United States v. Alabama*, 252 F. Supp. 95 (M.D. Ala. 1966), speaks for itself. Otherwise, admitted, upon information and belief, but averred that the

allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

64.     Admitted, upon information and belief, but averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

65.     The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same.

66.     *United States v. Alabama*, 252 F. Supp. 95 (M.D. Ala. 1966), speaks for itself. Otherwise, admitted, but averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

67.     *Gomillion v. Lightfoot*, 364 U.S. 339 (1960), speaks for itself. Otherwise, admitted, but averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

68.     *Smith v. Allwright*, 321 U.S. 649 (1944), *City of Rome v. United States*, 446 U.S. 156 (1980), *Shelby County v. Holder*, 570 U.S. 529 (2013), and *Nevitt v. Sides*, 571 F.2d 209 (5th Cir. 1978), speak for themselves. Admitted that the Alabama legislature passed laws in the 1950s that prohibited the use of single-shot voting in at-large municipal elections, but averred that the factual allegations

contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case. The remaining allegations in this paragraph constitute legal argument, and thus no response is required at this time. To the extent a response is required, the remaining allegations are denied.

69.    *Dillard v. Crenshaw County*, 640 F. Supp. 1347 (M.D. Ala. 1986), speaks for itself. Otherwise, denied.

70.    The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same. Averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

71.    Admitted, but averred that the allegations contained in this paragraph constitute history too remote to be relevant to the totality of the circumstances inquiry in this case.

72.    *South Carolina v. Katzenbach*, 383 U.S. 301 (1966) and *Shelby County v. Holder*, 570 U.S. 529 (2013), speak for themselves. Admitted that Alabama was a covered state under Section 4(b) of the Voting Rights Act, and was subject to the preclearance requirements of Section 5 of the Act. Otherwise, denied.

73.    *Shelby County v. Holder*, 570 U.S. 529 (2013), speaks for itself. Admitted that between 1965 and 2013, Alabama was subject to the preclearance requirements of Section 5 of the Voting Rights Act. Otherwise, denied.

74.    Denied.

75.    Denied.

76.    The cited cases speak for themselves. Admitted that groups have regularly brought suit alleging that voting practices or procedures in Alabama are racially discriminatory; denied that those allegations are always true, and further denied that courts have always found them to be true.

77.    The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

78.    *Allen v. City of Evergreen*, 2014 WL 12607819 (S.D. Ala. 2014), speaks for itself. Denied that the isolated events in Evergreen reflect on the State as a whole, or are relevant to the claims in this case.

79.    *Alabama Legislative Black Caucus v. Alabama*, 231 F. Supp. 3d 1026 (M.D. Ala. 2017), speaks for itself.

80.    Denied.

81.    Denied.

82.    The opinions in *Greater Birmingham Ministries v. Merrill*, *see* 161 F. Supp. 3d 1104 (N.D. Ala. 2016) *&* 284 F. Supp. 3d 1253 (N.D. Ala. 2017), speak for themselves.  Admitted that the case is on appeal.

83.    Admitted that *Thompson v. Alabama*, Docket No. 2:16-cv-783-WKW (M.D. Ala. filed Sept. 26, 2016), is currently pending litigation challenging

Alabama's felon voting laws. The Secretary avers that Alabama's laws concerning felon voting speak for themselves, and denies the remaining allegations in this paragraph.

84.     Admitted that automatic voter registration is not, and has never been, the applicable voter registration policy or law of the State of Alabama. Further admitted that the Secretary has made statements expressing his personal opinion on the policy of automatic voter registration, which speak for themselves. Denied that such statements are in any way racially discriminatory or evidence of past or present racial discrimination. Averred that the allegations in this paragraph are not relevant to the claim presented in this case. Otherwise, denied.

85.     *United States v. McGregor*, 824 F. Supp. 2d 1339 (M.D. Ala. 2011), *Hunter v. Underwood*, 417 U.S. 222 (1985), and *Dillard v. Crenshaw County*, 640 F. Supp. 1347 (M.D. Ala. 1986), speak for themselves. Otherwise, denied.

86.     Denied.

87.     Admitted that George Wallace ran on such a platform fifty years ago in the 1968 Presidential election.

88.     Admitted that certain former State legislators were recorded making racially-charged statements, and that a District Court made findings based on those recorded statements. The Secretary denies the remaining allegations in this paragraph.

89.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

90.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

91.     The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same.

92.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

93.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

94.     The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same.

95.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

96.     The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

97.     The allegations in this paragraph lack sufficient specificity to enable the Secretary to form a response thereto, and so the Secretary denies the same. Averred that the allegations in this paragraph are not relevant to the claim presented in this case.

98.    The Secretary lacks sufficient information to admit or deny the allegations in this paragraph, and so denies the same.

99.    Admitted that under the 2010 Census numbers, African Americans represent approximately 26% of Alabama's total population. Otherwise, the Secretary lacks sufficient information to admit or deny the remaining allegations in this paragraph, and so denies the same. Averred that the remaining allegations in this paragraph are not relevant to the claim presented in this case.

100.   Admitted that none of the currently elected statewide officials is African American, and that the state has not elected an African American governor or federal senator.  Otherwise, denied.

101.   Admitted that two African Americans were elected by statewide majority vote to serve as Alabama Supreme Court Justices. The remaining allegations in this paragraph are denied.

102.   This paragraph requires no response. To the extent a response is deemed required, the Secretary adopts and incorporates by reference his responses to "all prior paragraphs of this complaint and the paragraphs in the counts below" as if fully set forth herein.

103.   Section 2(a) of the Voting Rights Act, 52 U.S.C. § 10301(a), speaks for itself.

104.   Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

## Prayer for Relief

The Secretary Admits that the Plaintiffs seek the relief set out in paragraphs A through E; denies that the Plaintiffs are entitled to any of the relief they seek, and further avers that relief sought in paragraphs B and D is not within the Secretary of State's authority or power to accomplish. The Secretary expressly reserves the right to challenge any petition for costs and/or any award of attorneys' fees.

## Affirmative Defenses

1. The Secretary denies any allegation in Plaintiffs' Amended Complaint that is not expressly admitted above.

2. This Court lacks subject matter jurisdiction over Plaintiffs' claim, which should be properly submitted to a three-judge court for adjudication. *See* 28 U.S.C. § 2254 ("[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the

constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body").

3.     Plaintiffs have failed to allege sufficient facts that would entitle them to relief, as they have not alleged that a *reasonably compact* second majority-minority Congressional district can be drawn.

4.     To the extent that Section 2 would require a racial gerrymander to create a second majority-minority district, it is unconstitutional.

5.     Plaintiffs seek inappropriate relief, including relief that is not within the Secretary of State's authority to accomplish, although he is the only named defendant in this case. Secretary Merrill has no authority to draw a second majority-minority Congressional district, or any other form of district.

6.     Plaintiffs' claims are barred by laches.

7.     Plaintiffs Bobby DuBose, Rodney Love, and Janice Williams lack standing to pursue their claims based on the facts alleged. Drawing an additional majority-minority district "anywhere . . . as long as racially polarized voting exists where the district is ultimately drawn" does not remedy the injury of an individual residing elsewhere. *Shaw v. Hunt*, 517 U.S. 899, 916–17 (1996). Such a proposed remedy misconceives the nature of a vote-dilution claim as belonging "to the minority as a group and not to its individual members. It does not." *Id.* at 917. These

Plaintiffs do not request that their own district be redrawn, so that their alleged injuries cannot be remedied even if the Court grants the relief they purport to seek.

8.     Plaintiff John Harris lacks standing to pursue his claim because he has failed to allege facts sufficient to demonstrate that the injury he purportedly suffered would be remedied by the relief sought, namely, that he would reside in a second majority-minority district if one were drawn.

Respectfully submitted,

Steve Marshall
*Attorney General*

James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*

*s/* Laura E. Howell
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Laura E. Howell (ASB-0551-A41H)
Brad A. Chynoweth (ASB-0030-S63K)
*Assistant Attorneys General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8440
jimdavis@ago.state.al.us
wsinclair@ago.state.al.us
mmessick@ago.state.al.us
lhowell@ago.state.al.us
bchynoweth@ago.state.al.us

***Counsel for the Defendant***

## CERTIFICATE OF SERVICE

I certify that on August 6, 2018, I filed the foregoing document electronically

via the Court's CM/ECF system, which will send a copy to all counsel of record.


s/ Laura E. Howell
***Counsel for the Defendant***