IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA CHESTNUT, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CASE NO. 2:18-CV-00907-KOB |
| JOHN H. MERRILL, etc., | ) |
| Defendant. | ) |

## MOTION TO INTERVENE

Comes now Alabama Senator Jim McClendon, as an Alabama Senator and member of the Alabama Legislature's Permanent Legislative Committee on Reapportionment, and pursuant to Fed. R. Civ. P. 24, respectfully moves for leave to intervene as a defendant in his official capacity, and as grounds shows the following:

### THE INTERVENOR

1.  Drawing congressional districts is the duty of the Alabama Legislature. *Abbott v. Perez*, 138 S.Ct. 2305, 2316 (June 25, 2018) (noting that "[r]edistricting is 'primarily the duty and responsibility of the State'"). To facilitate this and other redistricting activities, the Alabama Legislature created the Permanent Legislative Committee on Reapportionment. *See* Ala. Code §§ 29-2-50 to -53. The Reapportionment Committee is responsible for the "preparation and formulation" of redistricting plans and the "readjustment or alteration of … congressional districts" for the State of Alabama.  Ala. Code § 29-2-52(c). *See also*

*id.* § 29-2-52(a)-(b) (charging the Reapportionment Committee with conducting a continuous study of "reapportionment"[1] problems and reporting to the Legislature its findings and recommendations) *and* § 29-2-52(e) (empowering the Reapportionment Committee "to do and perform any such acts that may be necessary, desirable, or proper to carry out the purposes and objectives" of the statutes creating it).

2. Alabama's current seven congressional districts were drawn under the aegis of the Reapportionment Committee, were passed by the Alabama Legislature as S.B. 484 (now codified at Ala. Code § 17-14-70), were signed into law by the Governor, were precleared under then-enforceable Section 5 of the Voting Rights Act by United States Attorney General Eric Holder[2] on November 21, 2011, and have since been enforced as the congressional districts of Alabama. These districts will as of course be redrawn in 2021 after the 2020 Census results are released in (probably) February 2021, in preparation for Congressional elections in 2022.[3]

---

[1] The terms "reapportionment" and "redistricting" have been used interchangeably by the Alabama Legislature. *See, e.g.,* Permanent Legislative Committee on Reapportionment, Redistricting History, http://www.legislature.state.al.us/aliswww_LCC/ISD/ALReap_History.aspx (last visited July 23, 2018).

[2] According to press reports, Mr. Holder is the chair of the National Democratic Redistricting Committee, which in the guise of the National Redistricting Foundation is "backing" the *Chestnut* case and similar cases in Georgia and Louisiana. See https://www.apnews.com/d30b289c43f543_079555304f2be53b6a (last visited July 23, 2018).

[3] The 2021 regular session of the Alabama Legislature, at which redrawing congressional districts could be accomplished, will open on Tuesday, February 12, 2021.

257410.1

3. Jim McClendon is a resident and citizen of St. Clair County and is the State Senator for Senate District 11 (Shelby, St. Clair, and Talladega Counties). In 2011, when the 2010 Census results were released, Sen. McClendon was a member of the Alabama House of Representatives and was the House Chair of the Legislature's Permanent Committee on Reapportionment. Then-Rep. McClendon authored the congressional districts plan, then known as the "2010 McClendon Congressional Districts 1" plan, that became § 17-14-70. (Then-Rep. McClendon and Senate Reapportionment Committee Co-Chair Gerald Dial also prepared the 2012 redistricting plans for the Alabama Legislature and the State Board of Education and shepherded them through the Alabama Legislature.)

## THE LITIGATION

4. Plaintiffs allege that in 2011 Alabama engaged in vote dilution in Congressional Districts 1, 2, 3, and 7, or some combination of them. *See Complaint,* doc. 1, ¶ 3 (alleging that African American voters were assigned to District 1, 2, or 3 on the basis of their race).

5. Plaintiffs ask the Court to enjoin enforcement of the current congressional districts and to order Alabama to adopt a new congressional districts plan that includes two majority-black districts. Doc. 1, *prayer for relief*.

## ARGUMENT FOR INTERVENTION

6. Sen. McClendon should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B), which provides, in pertinent part, as follows:

257410.1

3

> **(1) In General**. On a timely motion, the court may permit anyone to intervene who:
>
>   ...
>
>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

7. Sen. McClendon has "a claim or defense that shares with the main action a common question of law or fact." *Id*. Sen. McClendon seeks intervention to assert factual and legal defenses to defend the Reapportionment Committee's and Legislature's redistricting activities, to argue for the constitutionality and lawfulness of § 17-14-70, and to argue against the remedy for which plaintiffs pray, which would impose on the prerogatives and duties of the Reapportionment Committee and the Legislature.

8. "The Constitution entrusts States with the job of designing congressional districts." *Cooper v. Harris*, 137 S.Ct. 1455, 1463 (2017). As a former and prospective future Chair of the Reapportionment Committee, and author of "2010 McClendon Congressional Districts 1" and other redistricting plans, Sen. McClendon is particularly well informed to contribute to the defense of the State's congressional redistricting plan, and to assist the Court in determining whether it should intrude upon the Legislature's redistricting authority. *See Miller v. Johnson*, 515 U.S. 900, 916 (1995).

9. In addition, no party in this case has Sen. McClendon's redistricting experience, and it will benefit the quality of litigation and, if necessary, any remedy to have a party in the case who is experienced in redistricting. If the

257410.1

Court were to order Alabama to draw new congressional districts, Sen. McClendon would necessarily be at the center of that activity.

10. Absent intervention, Sen. McClendon will not be able to protect the interests of the Reapportionment Committee in this action, and through the Reapportionment Committee, the interests of the Legislature, in protecting the congressional districts drawn in 2012, and in defending the Reapportionment Committee's and the Legislature's redistricting prerogatives.

11. Sen. McClendon also seeks intervention under Fed. R. Civ. P. 24(b)(2), which states:

> **(2) By a Government Officer of Agency.** On timely motion, the court may permit a ... state governmental officer or agency ... to intervene if a party's claim or defense is based on:
>
> **(A)** a statute ... administered by the officer or agency; or
>
> **(B)** any regulation, order, requirement, or agreement issued or made under the statute ....

12. Chestnut's lawsuit challenges the manner in which Alabama's Legislature exercised its duty to draw congressional districts, *i.e.*, challenges how the Reapportionment Committee fulfilled its statutory duties under Ala. Code § 29-2-52(c) to draw new congressional districts. In addition, defending the State's congressional districts will include defending the Reapportionment Committee's Guidelines, which are requirements that established priorities for drawing districts in 2011. Thus, Chestnut's lawsuit requires a defense based on a statute and a requirement made under that statute.

13. Consequently, Sen. McClendon should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b). *See e.g., Graham v. Thornburgh*, 207 F. Supp. 2d 1280, 1285 (D. Kan. 2002) (in an action challenging the plan for apportionment of congressional districts in the State of Kansas, district court permitted state legislator and Chairman of the House Redistricting Committee, who appeared "on behalf of himself as a legislator and as Chairman of the House Redistricting Committee" to intervene pursuant to Fed. R. Civ. P. 24(b)*; Scott v. U.S. Dep't of Justice*, 920 F. Supp. 1248, 1250 (M.D. Fla. 1996) (granting intervention by both houses of Florida's Legislature in a legislative districting case), *aff'd sub nom, Lawyer v. Dep't of Justice*, 521 U.S. 567 (1997).

14. Allowing Sen. McClendon to intervene would be consistent with prior federal court decisions. A predecessor of the Reapportionment Committee was permitted to intervene in the voting rights case known as *Sims v. Amos*, 336 F. Supp. 924, as supplemented, 340 F. Supp. 691 (M.D. Ala. 1972), *aff'd*, 409 U.S. 942 (1972). More recently, the Reapportionment Committee was allowed to intervene as a defendant in the consolidated cases that made a timely challenge to Alabama legislative districts, *Alabama Legislative Black Caucus v. State of Alabama*, case no. 2:12-CV-691 (three-judge court) and *Newton v. State of Alabama,* case no. 2:12-cv-1081 (three-judge court), doc. 90 (March 3, 2013) (granting motion to intervene as defendants), *see generally Alabama Legislative Black Caucus v. State of Alabama*, 989 F.Supp.2d 1227, 1238 (M.D. Ala. 2013).

**TIMELINESS**

15.     Fed. R. Civ. P. 24 requires that a motion to intervene be timely. This case was commenced on June 13, 2018, and on July 23, 2018 the plaintiffs filed an amended complaint, doc. 14. A trial date has not yet been set, and no discovery has occurred. Given that this action is still in a very early stage, this motion is timely.

**NO PREJUDICE OR DELAY**

16.     Intervention or participation by Sen. McClendon will not unduly delay or prejudice the adjudication of the original parties' rights.

**NOTICE AND PLEADING**

17.     Pursuant to Fed. R. Civ. P. 24(c), Sen. McClendon has served this motion on all parties. Sen. McClendon has attached to this motion his proposed response to the amended complaint. *See* Exhibit 1.

**NO OBJECTION BY THE DEFENDANT**

18.     Counsel for Sen. McClendon is authorized to represent to the Court that the Secretary of State Merrill does not object to Sen. McClendon intervening in this action.

**CONCLUSION**

19.     Based on the foregoing, pursuant to Fed. R. Civ. P. 24, Sen. McClendon respectfully moves the Court to grant this motion to intervene.

Respectfully submitted this the 27th day of August, 2018.

/s/Dorman Walker
Counsel for Intervenor

**OF COUNSEL:**

Dorman Walker (ASB-9154-R81J)
dwalker@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

## CERTIFICATE OF SERVICE

I certify that on August 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy to the following:

Aria C. Branch
Marc E. Elias
Bruce V. Spiva
Perkins Coie LLP
700 13th Street, NW, Suite 600
Washington, DC 20005

Abha Khanna
Perkins Coie LLP
1201 Third Avenue, Ste. 4900
Seattle, WA  98101

Richard P. Rouco
Quinn Connor Weaver Davies & Rouco, LLP
Two North Twentieth Street
Suite 930
Birmingham, AL 35203

257410.1

James W. Davis
Brad A. Chynoweth
Laura E. Howell
Misty Fairbanks Messick
Winfield J. Sinclair
Office of Attorney General
Post Office Box 300152
Montgomery, AL  36130-0152

                                           *s/Dorman Walker*
                                           Of Counsel

257410.1