IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA CHESTNUT, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,<br><br>        Defendant. | Case No. 2:18-cv-907-KOB |

## REPORT OF PARTIES' PLANNING MEETING

1.    The following persons participated in a Rule 26(f) conference on August 21, 2018 by telephone:

    Abha Khanna, Aria Branch, and Richard Rouco representing Plaintiffs

    James Davis, Laura Howell, Misty Messick, and Win Sinclair    representing the Defendant, Secretary of State John H. Merrill

2.    <u>Plaintiffs' Case Synopsis</u>:  Plaintiffs have brought this voting rights action to challenge Alabama Act No. 2011-518 ("S.B. 484"), now codified at Ala. Code § 17-14-70, on the grounds that it violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Plaintiffs allege that S.B. 484 "packs" African-American voters into the Seventh Congressional District ("CD 7") and "cracks" African-American voters among three other congressional districts—Congressional Districts 1, 2, and 3—despite the fact that the African-American population in these areas could have been united to form an additional majority-minority congressional district in which African-American voters would have the opportunity to elect their candidates of choice. The African-American population in Alabama is sufficiently numerous and geographically compact to form a majority of the voting age population in two congressional districts. Furthermore, African-American voters in Alabama are politically cohesive, and voting in the state is highly racially polarized such that the white majority often votes as a bloc to defeat African-American voters' preferred

candidates. Additionally, an assessment of the totality of circumstances—including but not limited to the history of official voting-related discrimination in Alabama, the extent to which minority group members bear the effects of discrimination in areas such as education, employment, and health, which hinder their ability to participate effectively in the political process, and the use of overt or subtle racial appeals in political campaigns—reveals that African Americans in Alabama have less opportunity than other members of the electorate to participate in the political process and elect representatives of their choice.  Accordingly, Plaintiffs seek an order (i) declaring that S.B. 484 results in a violation of Section 2 of the Voting Rights Act; (ii) enjoining Defendant from conducting future elections under S.B. 484; (iii) ordering a congressional redistricting plan that includes two majority-minority congressional districts; and (iv) providing any such additional relief as is appropriate.

Pursuant to the Initial Order Governing All Further Proceedings, (Dkt. No. 18 at 4), discovery should commence in this proceeding on September 4, 2018, immediately after the filing of this Report. Secretary Merrill filed an Answer to Plaintiffs' Amended Complaint on August 6, 2018 (Dkt. No. 17). Shortly thereafter, this Court issued an Initial Order, and the Parties began the process of preparing for discovery. Secretary Merrill apparently seeks to use the proposed intervenor's motion to delay this case and to put off engaging in discovery as required by the Initial Order. However, the proposed intervenor is not currently a party to this litigation.[1] Even if the proposed intervenor is granted intervention and the ability to move to dismiss, permissive intervenors may not change the posture of a case, let alone drive the case schedule. To the extent the Court considers the proposed intervenor's motion, Plaintiffs contend that his motion will fail for many of the same reasons Defendant's motion to dismiss was insufficient.  In  any event, there is no basis to delay the case based on motions that have not yet been filed. Discovery in this litigation should commence immediately.

Defendant's Case Synopsis: Secretary Merrill denies that a second majority black congressional district can be drawn that complies with federal law.

---

[1] Contrary to section IV.B this Court's Initial Order, Dkt. No. 18 at 10, counsel for Senator McClendon never contacted Plaintiffs' counsel to learn Plaintiffs' position on the proposed motion to intervene, let alone attempted to "resolve the issue(s)" or determine the "areas of agreement and disagreement" in advance of filing. *See id.* ("Failure of the parties to abide by these requirements can result in a *sua sponte* denial of the motions for failure to comply."). In fact, Plaintiffs oppose intervention here.

Secretary Merrill believes that before the Court enters a scheduling order, the Court should consider the pending motion to intervene filed by Senator Jim McClendon (doc. 19), who is a member of the Legislature's Reapportionment Committee. If that motion is granted, and Secretary Merrill believes it should be, Senator McClendon and his counsel should be involved in the development of a proposed discovery schedule. Moreover, Senator McClendon intends to file a motion to dismiss (*see* doc. 19-1) that raises important threshold issues: (a) whether Plaintiff s have failed to state a claim by not filing with their complaint a map of their proposed remedial district, (b) by failing to request a three-judge court, and (c) whether the case should be dismissed because of Plaintiffs inexcusable delay in bringing this lawsuit and the undue prejudice caused by Plaintiff's inexcusable delay. Secretary Merrill finds Senator McClendon's arguments to be persuasive and intends to file a motion for judgment on the pleadings adopting the arguments raised by Senator McClendon. In addition, in Senator McClendon's proposed filing, he asks the Court to certify for interlocutory appeal any adverse ruling on issues (a) and (b), and to stay proceedings pending that interlocutory appeal. Secretary Merrill's motion for judgment on the pleadings will include the same requests. Consequently, Secretary Merrill believes that discovery should be stayed, and the parties' Rule 26 obligations postponed, until the Court rules on the validity of Plaintiffs' claims and during the pendency of any interlocutory appeal. Eleventh Circuit case law supports staying discovery for these purposes. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This recognition is based on the "significant costs" of unnecessary discovery—to the judicial system and even to the party seeking discovery, as well as to the party from whom discovery is sought. *See id.* at 1367-38. "[N]either the parties nor the court have any need for discovery" at this juncture, *id.* at 1367, so these costs are entirely avoidable. For this reason, it is the "general rule in this Circuit" to stay discovery pending decision on a motion to dismiss. *Hall v. Thomas*, 753 F.Supp.2d 1113, 1121 & n.20 (N.D. Ala. 2010). *See also Weaver v. National Better Living Ass'n*, 2014 WL 1621951 (N.D. Ala. Apr. 22, 2014); *Weakley v. Eagle Logistics*, 2017 WL 4838862 (N.D. Ala. Aug. 10, 2017); *Kidd v. City of Jasper*, 2018 WL 2766058 at *6 n.8 (N.D. Ala. June 8, 2018).

While Secretary Merrill believes the parties should meet and propose a new schedule following resolution of dispositive motion, this Court's order (doc. 18) requires a Rule 26 report at this time. Without waiver of his position, Secretary Merrill notes below any disagreement with Plaintiffs' proposals.

3.     Initial Disclosures. Plaintiffs propose that the Parties complete by **September 4, 2018** the initial disclosures required by Rule 26(a)(1). Secretary Merrill contends that initial disclosures should not occur until three weeks after the Court rules on the intervenor's motion to dismiss and Secretary Merrill's motion for judgment on the pleading and any appeals are made final.

4.     Discovery Plan. The Parties propose the following discovery plan:

(a)     Discovery will be needed on these subjects: Plaintiffs seek discovery on their claims and requests for relief. Secretary Merrill seeks discovery on the Plaintiffs' proposed plan, their standing, and on his defenses to Plaintiffs' claims.

(b)     Plaintiffs: Fact discovery shall commence upon the filing of this report and be completed by **February 8, 2019.**

   Secretary Merrill: Fact discovery should not begin before final resolution of the intervenor's motion to dismiss and Secretary Merrill's motion for judgment on the pleadings. Secretary Merrill contends that a 6-8 month discovery period is likely appropriate for this case once the Court resolves those motions.

(c)     Absent leave of Court or consent of the parties, each party shall serve no more than 25 interrogatories (including sub-parts) upon another party.

(d)     Absent leave of Court or consent of the parties, each party shall serve no more than 25 requests for admission upon another party.

(e)     Absent leave of Court or consent of the parties, each party shall take no more than 15 depositions.

(f)     Absent leave of Court or consent of the parties, each deposition shall not exceed seven (7) hours of testimony.

(g)     Plaintiffs: Absent leave of Court or consent of the parties, Plaintiffs shall serve expert reports no later than **November 16, 2018.** Absent leave of Court or consent of the parties, Defendant shall serve expert reports no later than **December 21, 2018**. Absent leave of Court or consent of the parties, Plaintiffs shall serve any reply expert reports no later than **January 15, 2019**. All expert discovery must be completed by **February 8, 2019**. Plaintiffs contend that the Secretary's proposal of a 10-week period between Plaintiffs' expert report submissions and Defendant's

4

expert report submissions is unwarranted. Defendants' expert reports are usually submitted 4-6 weeks after plaintiffs' expert reports. This case doesn't justify a departure from the normal practice.

Secretary Merrill: Secretary Merrill contends that his expert report should be due no less than 10 weeks after receipt of Plaintiffs' expert report. In this case, expert testimony is likely to revolve around the feasibility of Plaintiffs' demonstrative districting plan and whether it complies with constitutional requirements. The county- and precinct-level analysis needed, along with the analysis of whether Plaintiffs' proposed plan will permit minority voters to elect their candidate of choice, will require more than the typical gap between reports. Further, the close of expert discovery should not be determined until the Court resolves the motion to intervene and dispositive motions.

(h)     Absent leave of Court or consent of the parties, each party shall serve no more than 25 requests for production (including discrete subparts) upon another party.

5.      Electronically Stored Information

Disclosure or discovery of electronically stored information should be handled as follows:

The parties agree to discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored information ("ESI"). ESI shall be produced in an electronic format to be agreed upon by the parties. The parties have agreed to negotiate in good faith on the following issues:

- The need to produce various forms of ESI;

- Limitation on production of ESI, for example, on the basis of search terms to be agreed upon by the parties;

- Scheduled timing for updating the production of ESI during the course of litigation;

- The format of document production; and

- Defining the scope of production of ESI that is "not reasonably accessible because of undue burden or cost," including without limitation

5

> the identification of such information, and procedures to compel production of such information, including cost allocation.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

For purposes of this litigation, the parties need not preserve, produce, or create a privilege log for any document that was created by, and exchanged solely among, either side's attorneys or the attorneys' staff.

6.  <u>Complexity of Case and Statement Regarding Proportionality</u>.

    Plaintiffs: The discovery limits agreed upon by the Parties track the Federal Rules of Civil Procedure and are proportional to the complexity of this litigation. Though Rule 36 does not impose a limit on the number of requests for admissions, the proposed scheduling order limits such requests to 25.

    Secretary Merrill: Secretary Merrill agrees with Plaintiffs' proposed limits on the number of written discovery requests and depositions but contends that "proportionality" under the rule depends not just on the number of requests, but the burdensomeness of individual requests. Therefore, Secretary Merrill is unable to agree that discovery is proportional until he is served with specific requests.

7.  <u>Other Items:</u>

(a)  The parties request a meeting with the Court prior to entry of a scheduling Order.

(b)  Absent leave of Court or consent of the parties, the Plaintiffs shall have until **October 4, 2018** to amend their pleading or join parties.

6

(c)     Absent leave of Court or consent of the parties, the Defendants shall have until **October 18, 2018** to amend their pleading or join parties.

(d)     Plaintiffs: Dispositive motions shall be filed no later than **March 4, 2019**. Oppositions shall be filed no later than 30 days from the date of service. Replies shall be filed no later than 14 days from the date of service of an opposition.

   Secretary Merrill: The dispositive motion deadline should not be set until the Court resolves the motion to intervene and dispositive motions.

(e)     The Parties agree that there is no possibility of settlement.

(f)     Plaintiffs suggest that the Court schedule a bench trial in this case on **June 1, 2019** and anticipate a one-week trial.

   Secretary Merrill contends that the trial date should not be set until the Court resolves the motion to intervene and dispositive motions.

(g)     The parties consent to electronic service of initial disclosures, discovery requests, and discovery responses.

Dated: September 4, 2018 	Respectfully Submitted,

By */s/ James W. Davis* 	By /s/ *Aria Branch*
James W. Davis (ASB-4063-I58J) 	Marc Erik Elias (*admitted pro hac vice*)
*Deputy Attorney General* 	Bruce V. Spiva (*admitted pro hac vice*)
Winfield J. Sinclair 	Aria C. Branch (*admitted pro hac vice*)
(ASB-1750-S81W) 	**Perkins Coie, LLP**
Misty S. Fairbanks Messick 	700 13th St. N.W., Suite 600
(ASB-1813-T71F) 	Washington, D.C. 20005-3960
Laura E. Howell (ASB-0551-A41H) 	Phone: (202) 654-6338
Brad A. Chynoweth 	Fax: (202) 654-9106
(ASB-0030-S63K) 	Email: MElias@perkinscoie.com
 *Assistant Attorneys General* 	Email: ABranch@perkinscoie.com

Office of the Attorney General 	Abha Khanna (*admitted pro hac vice*)
501 Washington Avenue 	**Perkins Coie, LLP**
Montgomery, Alabama 36130-0152 	1201 Third Avenue, Ste. 4900
Telephone: (334) 242-7300 	Seattle, WA 98101-3099
Fax: (334) 353-8440 	Phone: (206) 359-8000
jimdavis@ago.state.al.us 	Fax: (206) 359-9000
wsinclair@ago.state.al.us 	Email: AKhanna@perkinscoie.com
mmessick@ago.state.al.us
lhowell@ago.state.al.us 	By: *Richard P. Rouco* (AL Bar. No.
bchynoweth@ago.state.al.us 	6182-R76R)
***Counsel for the Defendant*** 	**Quinn, Connor, Weaver, Davies &**
	**Rouco LLP**
	Two North Twentieth
	2-20th Street North, Suite 930
	Birmingham, AL 35203
	Phone: (205) 870-9989
	Fax: (205) 803-4143
	Email: rrouco@qcwdr.com

	*Attorneys for Plaintiffs*

8