# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA CHESTNUT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No.: |
| v. ) | 2:18-cv-907-KOB |
| ) | |
| JOHN H. MERRILL, Secretary of State, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT SECRETARY OF STATE JOHN MERRILL'S RESPONSE TO SENATOR JIM MCCLENDON'S MOTION TO INTERVENE (DOC. 19)

Defendant John Merrill, sued in his official capacity as Alabama Secretary of State, responds as follows in support of Senator McClendon's Motion to Intervene (doc. 19):

Secretary Merrill agrees that Senator McClendon meets the requirements to intervene. Senator McClendon intends to assert factual and legal defenses to the plan that is challenged and against the proposed remedy; he serves on the body that drew that challenged plan and that would draw remedial plans if the Plaintiffs were entitled to a remedy; and he therefore has "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), as well as knowledge that will be helpful to the case.

Rule 24 provides that when considering a motion for permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A District Court's ruling on the timeliness of a motion to intervene is reviewed for abuse of discretion. *E.g.*, *Meek v. Metro. Dade County*, 985 F.2d 1471, 1477 (11th Cir. 1993).

Senator McClendon filed his motion early in this case, before discovery has begun. Granting the motion would not delay these proceedings and would not prejudice the original parties. The undersigned defended Secretary Merrill and the State of Alabama in *Alabama Legislative Black Caucus v. State of Alabama*, case no. 2:12-CV-691 (M.D. Ala.), where Senator McClendon and a colleague on the Reapportionment Committee were permitted to intervene. Intervention did not delay proceedings in that case, nor did it prejudice any party. On the contrary, the presence of Legislators, and the knowledge of the redistricting process that they brought to the case, made the litigation more efficient.

The fact that Senator McClendon intends to move to dismiss would not delay the litigation either. Secretary Merrill intends to join in Senator McClendon's motion by filing a motion for judgment on the pleadings that adopts Senator McClendon's arguments. Secretary Merrill will wait to do so until the Court rules on the Motion to Intervene so that the dispositive motions can travel together, but

even if the Motion to Intervene is denied, Secretary Merrill intends to raise the same arguments in a dispositive motion. Granting the Motion to Intervene therefore will not delay the litigation.

For all these reasons, the Motion to Intervene should be granted.

Respectfully submitted,

Steve Marshall
*Attorney General*

*s/* James W. Davis
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Laura E. Howell (ASB-0551-A41H)
Brad A. Chynoweth (ASB-0030-S63K)
  *Assistant Attorneys General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8440
jimdavis@ago.state.al.us
wsinclair@ago.state.al.us
mmessick@ago.state.al.us
lhowell@ago.state.al.us
bchynoweth@ago.state.al.us

**Counsel for the Defendant**

## CERTIFICATE OF SERVICE

I certify that on September 10, 2018, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

                                        s/ James W. Davis
                                        ***Counsel for the Defendant***