IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LAKEISHA CHESTNUT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 2:18-CV-907-KOB** |
| ) | |
| **JOHN H. MERRILL, in his official** ) | |
| **Capacity as Alabama Secretary of State** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Alabama Senator Jim McClendon's "Motion to Intervene." (Doc. 19). On September 10, this court ordered Plaintiffs to show cause why Senator McClendon should not be allowed to intervene as a defendant. On September 10, Defendant John Merrill filed "Defendant Secretary of State John Merrill's Response to Senator Jim McClendon's Motion to Intervene (Doc. 19)." (Doc. 22). Later that same day, Plaintiffs filed "Plaintiffs' Response to Order to Show Cause and Brief in Opposition to Senator Jim McClendon's Motion to Intervene." (Doc. 23). The motion is now ripe for review.

Plaintiffs contend that Alabama Act No. 2011-518, now codified at Alabama Code § 17-14-70, caused a discriminatory effect in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Specifically, Plaintiffs argue that the redistricting of Congressional Districts 1, 2, 3, and 7 diluted the African-American vote. Senator McClendon was a member of the Alabama House of Representatives and the House Chair of the Legislature's Permanent Committee on Reapportionment when the legislature drew the "2010 McClendon Congressional Districts 1" plan, which later became Alabama Code § 17-14-70. Mr. McClendon seeks to

1

intervene in his official capacity as Alabama Senator and member of Alabama Legislature's Permanent Legislative Committee on Reapportionment.

## Rule 24(b)(1)(B)

Senator McClendon seeks to intervene under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. Rule 24(b)(1)(B) permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Senator McClendon contends that, as the author of the plan at issue, he is "particularly well informed to contribute to the defense of the State's congressional redistricting plan." (Doc. 19 at 4). While the court does not doubt Senator McClendon's knowledge of the plan, he has no *claim nor defense* in this action.

Senator McClendon argues that his assistance would be necessary should the court order the state to redraw its congressional districts. To begin, such a remedy has not been ordered and might never be ordered. To argue that Senator McClendon's participation in this case is necessary because of a potential remedy is highly speculative. More importantly, future participation in remedial redistricting is neither a claim nor a defense under Rule 24(b)(1)(B).

Senator McClendon also maintains that his help is necessary to protect the interests of the Reapportionment Committee and the legislature. But he fails to acknowledge the procedure created by the State of Alabama to protect such interests. Alabama Code § 36-15-21 provides that the state Attorney General controls "[a]ll litigation concerning the interest of the state, or any department of the state." Ala. Code § 36-15-21 (2018).

A proposed intervenor's interest is presumed adequately represented "when an existing party pursues the same ultimate objective as the party seeking intervention." *United States v. Georgia*, 19 F.3d 1388, 1394 (11th Cir. 1994) (quoting *FSLIC v. Falls Chase Special Taxing*

*Dist.*, 893 F.2d 211, 215 (11th Cir. 1993)). The state Attorney General and Senator McClendon seek an identical outcome—to see the plan upheld as constitutional. Senator McClendon raises no argument why the state Attorney General's representation would be inadequate. *See One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 397 (W.D. Wis. 2015) ("[T]he attorney general is adequately pursuing the outcome that the proposed intervenors seeks. The court is satisfied that the existing parties are capable of identifying and presenting the relevant issues in this case.").

Because the state's interest is adequately protected by the Attorney General, Senator McClendon's help is not needed to protect the interests of the legislature and the Reapportionment Committee.

Senator McClendon has failed to demonstrate why he has a claim or defense in this case not already adequately represented by the Attorney General, and so the court must deny his motion for intervention under Rule 24(b)(1)(B)

### Rule 24(b)(2)

Senator McClendon alternatively seeks to intervene under Rule 24(b)(2). Under Rule 24(b)(2), the court may allow "a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Senator McClendon contends that because the Alabama Legislature is responsible for drawing congressional districts and defending the Reapportionment Committee's Guidelines, he should be allowed to intervene. Plaintiffs maintain that Senator McClendon is not a state officer administering a statute under Rule 24(b)(2). Instead, they correctly argue, the legislature merely promulgates law, but does not enforce or administer the law.

The courts have long recognized that state legislators in their official capacities "have no legal interest in the implementation of the laws they pass." *Gustafson v. Johns*, No. 05-0352-CG-L, 2005 WL 8158752, at *1 (S.D. Ala. Sept. 30, 2006) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1205 (11th Cir. 1989)). Rather, "[l]egislators are not charged with enforcing or implementing voting districts." *Id.* (citing *Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005)). "Clearly, a legislative body promulgates, debates, and passes laws; however, it is not even arguable that the legislature administers or enforces those laws." *General Synod of the United Church of Christ v. Resinger*, No. 3:14-cv-00213-MOC-DLH, 2014 WL 5094093, at *3 (W.D.N.C. Oct. 10, 2014). Under Alabama law, the Secretary of State is the proper state entity to administer the congressional district plan and state election laws. *See* Ala. Code § 17-1-3(a) (2018). So, Senator McClendon is not a state officer administering a statute.

Senator McClendon further argues that defending the Reapportionment Committee's Guidelines and drawing congressional districts are "requirement[s] . . . issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2)(B). Alabama Code § 29-2-52 enumerates the various duties of the Committee on Reapportionment, but nowhere indicates a duty to defend or uphold the constitutionality of the guidelines or congressional districting plan. Because defending the Reapportionment Committee's Guidelines was not a requirement issued or made under statute, this argument fails.

While the statute does require the committee to develop plans for reapportionment, *see* Ala. Code § 29-2-52(a)–(d), Senator McClendon misrepresents Plaintiffs' claim. Plaintiffs do not claim that the legislature intentionally promulgated a racially discriminatory reapportionment plan. Such a claim would challenge a requirement under the statute, such as the intent of the Reapportionment Committee. Instead, Plaintiffs claim that the plan had a discriminatory effect.

An "effects" claim requires no showing of discriminatory intent by the legislature. *See Abbott v. Perez*, 138 S. Ct. 2305, 2330–31 (2018). Because Plaintiffs are not challenging intent of the Reapportionment Committee or legislature, no defense is necessary based on a requirement under Alabama Code § 29-2-52.

Because Senator McClendon failed to demonstrate that either of the government officer or agency rule subsections apply to him, therefore, the court must deny his motion to intervene under Rule 24(b)(2).

For the reasons stated above, the court DENIES Senator McClendon's motion to intervene.

**DONE** and **ORDERED** this 16th day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE