# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAKEISHA CHESTNUT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CASE NO. 2:18-CV-00907-KOB** |
| ) | |
| **JOHN H. MERRILL,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |

## DEFENDANT SECRETARY OF STATE'S
## (OPPOSED) MOTION TO STAY DISCOVERY

Defendant, Secretary of State John H. Merrill, respectfully requests a stay of all parties' discovery obligations until the Court resolves the validity of Plaintiffs' complaint. Secretary Merrill has filed a Motion for Judgment on the Pleadings arguing that Plaintiffs' claims should be dismissed because jurisdiction lies with a three-judge court, because Plaintiffs have failed to plead facts demonstrating a proper remedy, and because Plaintiffs claims are barred by laches. When such a motion is pending, Circuit law compels a stay to guard against the "significant costs" of unwarranted discovery requests. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Counsel for Defendant have consulted with counsel for the Plaintiffs, and Plaintiffs oppose this motion.

# I. Background

Eight years after the last census and two years before the next one, Plaintiffs brought this action claiming that Alabama must re-draw its seven congressional districts to include a second majority-black district. *See* doc. 1. Secretary Merrill moved to dismiss when Plaintiffs failed to allege that they would reside in a re-configured majority-black district, *see* doc. 11, and Plaintiffs amended their complaint. *See* doc. 14. This Court recently denied a motion to intervene asserted by a member of the Alabama Legislature's reapportionment committee. *See* doc. 24.

Discovery has not yet begun, but it may begin soon. The parties must file a revised Rule 26 report by November 6, 2018, and the parties may then propound discovery requests. Although Plaintiffs delayed filing this claim for years, Plaintiffs are arguing for an unfairly-hurried litigation schedule, meaning discovery will likely be intensely front-loaded.

# II. Argument

The Court should stay the parties' discovery obligations while it considers Secretary Merrill's dispositive motion. The Eleventh Circuit has recognized the need to stay discovery when, as here, a court is faced with purely legal questions that are case-dispositive: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d

1353, 1367 (11th Cir. 1997). This recognition is based on the "significant costs" of unnecessary discovery—to the judicial system and even to the party seeking discovery, as well as to the party from whom discovery is sought. *See id.* at 1367-38. "[N]either the parties nor the court have any need for discovery" at this juncture, *id.* at 1367, so these costs are entirely avoidable. For this reason, it is the "general rule in this Circuit" to stay discovery pending decision on a motion to dismiss. *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 & n.20 (N.D. Ala. 2010). Indeed, federal courts in this State have routinely granted stays in cases, like this one, challenging Alabama laws.[1]

This "general rule" favoring a stay of discovery fully applies here. Secretary Merrill has made compelling arguments in support of outright dismissal. Taken together, these arguments demonstrate why the Plaintiffs could not prevail in this action even if they were able to prove each and every allegation found in their amended complaint. Allowing discovery at this time would thus be to wrongly impose "avoidable" and "unnecessary costs to the litigants and to the court system." *Chudasama*, 123 F.3d at 1368.

---

[1] *See, e.g.*, *John Doe 1 v. Strange*, No. 2:15-CV-606-WKW (M.D. Ala. Oct. 16, 2015) (ECF No. 74, order staying all discovery obligations); *C.M. v. Bentley*, No. 2:13-CV-591-WKW (M.D. Ala. Nov. 15, 2013) (ECF No. 40, same); *Erdberg v. On Line Information Servs., Inc.*, No. 2:12-cv-3883-RDP (N.D. Ala. March 5, 2013) (Proctor, J.) (ECF No. 21, text order relieving the parties of filing a Rule 26(f) report until "fourteen (14) days of a ruling on Defendant's pending Motion to Dismiss, if necessary"); *Ala. Educ. Ass'n v. Bentley*, No. CV-11-S-761-NE (N.D. Ala. July 6, 2012) (ECF No. 115, relieving parties of discovery obligations until after court ruled on motions to dismiss).

For all these reasons, Secretary Merrill respectfully asks that this Court stay potentially unnecessary discovery while the Court considers Secretary Merrill's Motion for Judgment on the Pleadings.

Respectfully submitted,

Steve Marshall
  *Attorney General*

*s/* James W. Davis
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
Laura E. Howell (ASB-0551-A41H)
Brad A. Chynoweth (ASB-0030-S63K)
  *Assistant Attorneys General*

Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
(334) 242-7300
jimdavis@ago.state.al.us
wsinclair@ago.state.al.us
mmessick@ago.state.al.us
lhowell@ago.state.al.us
bchynoweth@ago.state.al.us

Dorman Walker (ASB-9154-R81J)
dwalker@balch.com
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

**Counsel for Secretary of State John H. Merrill**

## **CERTIFICATE OF SERVICE**

     I certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy to all counsel of record.

                                                           *s/* James W. Davis
                                                           Of Counsel