IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA CHESTNUT, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,<br><br>　　　　　Defendant. | Civil Action No. 2:18-cv-907-KOB |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

　　Defendant's motion to stay discovery is premised on the assumption that his concurrently-filed motion for judgment on the pleadings advances meritorious arguments. That assumption is false. *See* Doc. 31. Rather, read in conjunction, the two motions amount to little more than an effort to delay adjudication of this case. At this stage of the litigation – after Defendant's initial motion to dismiss has been denied as moot (Doc. 16), after an Answer has been filed (Doc. 17), after the parties have submitted two Rule 26(f) reports (Docs. 20, 29), and after discovery has commenced (Doc. 18 at 5) – a stay of discovery is simply not warranted. Defendant's attempt to freeze the case while the Court considers his motion for judgment on the pleadings, which largely recycles some of the same meritless arguments from his

1

motion to dismiss, would be highly prejudicial to Plaintiffs and should not be permitted.

Defendant relies on what he calls a "Circuit rule" that discovery should not proceed while a motion to dismiss is pending. Not so. Even if the case law he relies upon did apply to motions for judgment on the pleadings, there is no blanket rule that stays discovery whenever a defendant decides to file such a motion. Rather, where, as here, a motion for judgment on the pleadings is based on a gross misunderstanding of the law and facts of the case and therefore is unlikely to be granted, the balance tips in favor of permitting discovery to go forward.

For the reasons set forth in Plaintiffs' opposition brief (Doc. 31), Defendant's motion for judgment on the pleadings – filed nearly three months after answering the Amended Complaint – should be denied. This Court should not halt Plaintiffs' ability to engage in discovery – prejudicing their ability to obtain relief in this case – in the meantime.

## I.   BACKGROUND

Plaintiffs filed their Complaint in this action on June 13, 2018, alleging that the Alabama congressional district map violates Section 2 of the Voting Rights Act. (Doc. 1). After Defendant filed a motion to dismiss, Plaintiffs filed an Amended Complaint (Doc. 14), which this Court deemed mooted Defendant's motion (Doc. 16). Defendant filed his Answer on August 6. (Doc. 17). Two days later, the Court

entered its Initial Order governing the case (Doc. 18), authorizing the parties to commence discovery immediately after filing their Rule 26(f) report (*id.* at 5).

During the parties' subsequent Rule 26(f) conference, Defendant refused to engage in any discovery until *after* the Court ruled a motion to intervene filed by Senator McClendon, *after* the court ruled on Senator McClendon's proposed motion to dismiss, *after* the Court ruled on Defendant's (yet to be filed) motion for judgment on the pleadings, and *after* "any appeals" were resolved. (Doc. 20 at 3). The parties filed their Rule 26(f) report on September 4. (Doc. 20). That same day, in accordance with Rule 26(a), Plaintiffs served their initial disclosures. Defendant has yet to provide any disclosures.

On October 16, this Court denied Senator McClendon's motion to intervene (Doc. 24) and ordered the parties to file an updated Rule 26(f) report (Doc. 25). Once again Defendant refused to engage in discovery (Doc. 29 at 2), and instead filed his promised motion for judgment on the pleadings along with the present motion to stay discovery (Docs. 27, 28). On November 30, Plaintiffs filed their response in opposition to the motion for judgment on the pleadings, detailing the fundamental errors of law and fact upon which the motion was based. (Doc. 31).

## II. ARGUMENT

Defendant contends that Eleventh Circuit law compels this Court to stay the litigation while it decides the outcome of Defendant's motion for judgment on the pleadings. The cases Defendant relies upon for this position, however, discuss the imposition of stays pending motions to dismiss, before discovery has even commenced. *See* Doc. 28 at 1, 3 & n.1 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *John Doe 1 v. Strange*, No. 2:15-CV-606-WKW (M.D. Ala. Oct. 16, 2015); *C.M. v. Bentley*, No. 2:13-CV-591-WKW (M.D. Ala. Nov. 15, 2013); *Erdberg v. On Line Information Servs., Inc.*, No. 2:12-cv-3883-RDP (N.D. Ala. Mar. 5, 2013); *Ala. Educ. Ass'n v. Bentley*, No. CV-11-S-761-NE (N.D. Ala. July 6, 2012); and *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 & n.20 (N.D. Ala. 2010)). A stay of discovery is not warranted here, where Defendant has moved for a judgment on the pleadings (not a motion to dismiss), *after* the litigation has already advanced. It would be extremely prejudicial to Plaintiffs if this Court grants a stay of discovery at this point, given that Defendant waited nearly three months after answering Plaintiffs' Amended Complaint to move for a judgment on the pleadings. Defendant should not be permitted to file multiple meritless Rule 12 motions in order to delay this case and thwart Plaintiffs' ability to obtain a remedy.

Even if this Court finds that *Chudasama* and its progeny can apply to motions for judgment on the pleadings, the Court should interpret that authority narrowly, as,

contrary to Defendant's suggestion, there is no hard and fast rule in the Eleventh Circuit that discovery should be stayed while a Rule 12 motion is pending. *See*, *e.g.*, *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609, 2009 WL 2579307, at *3 (M.D. Fla. Aug. 19, 2009) (denying motion to stay while motion to dismiss was pending); *In re Winn Dixie Stores, Inc. ERISA Litigation*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (denying motion for order protecting defendants from responding to discovery requests and allowing discovery to proceed concurrently with motion practice); *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997) (concluding that balance tips in favor of permitting discovery to go forward while motion to dismiss was pending).

In *Chudasama*, certain factors that are not present in this case led the Eleventh Circuit to hold that the district court abused its discretion by allowing discovery to proceed while a motion to dismiss was pending. For example, the district court unduly delayed in deciding the motion to dismiss; the cause of action contested in the motion to dismiss significantly enlarged the scope of discovery; and the case was brought under a "novel legal theory." *Chudasama*, 123 F.3d at 1368. In particular, the Eleventh Circuit "conclude[d] that [the plaintiffs'] claim was dubious enough to require the district court to rule on [the] motion to dismiss prior to entering [an order compelling discovery]." *Id*. at 1369. Thus, the Eleventh Circuit articulated a standard for district courts to follow under similar circumstances: "any *legally unsupported*

5

claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id*. at 1368 (emphasis added). Courts in the Eleventh Circuit have held that *Chudasama* and its progeny stand for narrow the proposition that "courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *In re Winn Dixie Stores, Inc*., 2007 WL 1877887, at *1, *Koock*, 2009 WL 2579307, at *2. *Chudasama* clearly does not apply to this case, where Plaintiffs' claims are based upon a well-founded legal theory, are factually supported by a thirty-page Amended Complaint, and where the arguments raised in Defendant's motion for judgment on the pleadings are plain wrong (*see* Doc. 31). Here, where Defendant's substantive motion "is not so clear on its face that there is an immediate and clear possibility that it will be granted" and dispose of Plaintiffs' case, the balance tips decidedly in favor of permitting discovery to go forward. *Koock*, 2009 WL 2579307, at *3.

Instead of applying a blanket rule that discovery should be stayed pending a motion to dismiss in all circumstances, courts in the Eleventh Circuit have held that the party moving for a stay bears the burden of showing good cause and reasonableness. *See*, *e.g.*, *Great West Cas. Co. v. FirstFleet, Inc.*, No. CA 12-00623-KD-N, 2013 WL 3337283 (S.D. Ala. July 2, 2013). "Such motions [to stay] are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite

discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*. To make this assessment, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Great West Cas. Co.*, 2013 WL 3337283, at *1.

Under this standard, this Court should not halt Plaintiffs' ability to engage in discovery – prejudicing their ability to obtain relief in this case – while the Court decides the outcome of Defendant's motion for judgment on the pleadings. Even a "preliminary peek" at Defendant's motion reveals that it is little more than a regurgitation—in some places verbatim—of some of the arguments Defendant previously made in his Motion to Dismiss and Notice of Jurisdictional Issue. Most notably, his contention that this Court lacks jurisdiction to hear the case defies the plain language of the jurisdictional statute it seeks to invoke and is undermined by the fact that a similar lawsuit is currently proceeding before a single district judge in another district court in this Circuit. (*See* Doc. 31 at 3). At the very least, Defendant's motion is far from "clearly meritorious," *Great West Cas. Co.*, 2013 WL 3337283, at *1.

The harm that would result to Plaintiffs if discovery is unnecessarily stayed, meanwhile, would be significant because it may mean that they are unable to obtain meaningful relief ahead of the next election. *Smith v. Clinton*, 687 F. Supp. 1310, 1312- 13 (E.D. Ark. 1988) (an injury to voting rights is continuing, suffered anew each time an election is held). Plaintiffs brought this litigation to vindicate their voting rights and to ensure that the voting power of African Americans in Alabama is no longer diluted under Alabama's congressional district map in violation of the Voting Rights Act. Plaintiffs' interest in obtaining timely relief in this case is significant, and Defendant should not be permitted to delay – and perhaps ultimately deny – that relief by dragging his feet.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Discovery should be denied.

Dated:  December 4, 2018                    Respectfully submitted,

By /s/ *Aria Branch*
Marc Erik Elias (*admitted pro hac vice*)
Bruce V. Spiva (*admitted pro hac vice*)
Aria C. Branch (*admitted pro hac vice*)
**Perkins Coie, LLP**
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: MElias@perkinscoie.com
Email: ABranch@perkinscoie.com

Abha Khanna (*admitted pro hac vice*)
**Perkins Coie, LLP**
1201 Third Avenue, Ste. 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
Email: AKhanna@perkinscoie.com

*Richard P. Rouco* (AL Bar. No. 6182-R76R)
**Quinn, Connor, Weaver, Davies & Rouco LLP**
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Fax: (205) 803-4143
Email: rrouco@qcwdr.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 4, 2018, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

By /s/ *Aria Branch*
Aria C. Branch (*admitted pro hac vice*)
**Perkins Coie, LLP**
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: ABranch@perkinscoie.com