IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA CHESTNUT, an individual; MARLENE MARTIN, an individual; BOBBY DUBOSE, an individual; RODNEY LOVE, an individual; JANICE WILLIAMS, an individual; KAREN JONES, an individual; RODERICK CLARK, an individual; JOHN HARRIS, an individual,<br><br>          Plaintiffs,<br><br>    v.<br><br>JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,<br><br>          Defendant. | Case No. 2:18-cv-907-KOB |

## **AMENDMENTS TO THE PARTIES' RULE 26(F) REPORT**

The Parties submit amendments to their previously-filed Rule 26(f) Report (ECF No. 29). The Parties submit that the Rule 26(f) report filed on September 4, 2018 (ECF No. 20) shall continue to govern this litigation, but Sections 3, 4 and 7 of that Report shall be amended as follows:

3.    <u>Initial Disclosures</u>.

      Plaintiffs: Plaintiffs served their initial disclosures on September 4, 2018, 14 days after the Rule 26(f) conference, Dkt. No. 20 ¶ 1, in accordance with Federal Rule of Civil Procedure 26(a)(1)(C). Defendant served initial disclosures on January 11, 2019, after the Court denied Defendant's motion to stay discovery.

4.    <u>Discovery Plan</u>. The Parties propose the following discovery plan:

(a) Discovery will be needed on these subjects: Plaintiffs seek discovery on their claims and requests for relief. Secretary Merrill seeks discovery on the Plaintiffs' proposed plan, their standing, and on his defenses to Plaintiffs' claims.

(b) Plaintiffs: Plaintiffs suggest that discovery shall be completed by **April 30, 2019.**

Defendant: Secretary Merrill suggests that discovery should be completed by **July 31, 2019** (Secretary Merrill suggests this date on the assumption that Plaintiffs provide maps right away, and he notes that if Plaintiffs do not provide their maps before their suggested date of March 8, completing discovery by July 31, 2019 will be difficult).

(c) Absent leave of Court or consent of the parties, each party shall serve no more than 25 interrogatories (including sub-parts) upon another party.

(d) Absent leave of Court or consent of the parties, each party shall serve no more than 25 requests for admission upon another party.

(e) Absent leave of Court or consent of the parties, each party shall take no more than 15 depositions.

(f) Absent leave of Court or consent of the parties, each deposition shall not exceed seven (7) hours of testimony.

(g) Plaintiffs: Absent leave of Court or consent of the parties and assuming Defendant timely and fully responds to Plaintiffs' discovery requests, Plaintiffs shall serve expert reports no later than **March 8, 2019.** Absent leave of Court or consent of the parties, Defendant shall serve expert reports no later than **April 8, 2019**. Absent leave of Court or consent of the parties, Plaintiffs shall serve any reply expert reports no later than **April 22, 2019**. All expert discovery must be completed by **May 10, 2019.**

In the proposed schedule below, Defendant requests that Defendant's expert reports be due sixty days after Plaintiffs' reports are due. Even if the Court does not adopt Plaintiffs' proposed schedule, Plaintiffs request that their expert reports be due no more than four weeks prior to the date that Defendant's expert reports are due, in accordance with the typical practice. Indeed, Defendant has full access to Alabama demographic data, election data, historical information; there is no

reason Defendant and/or his experts cannot begin compiling and analyzing this information before reviewing Plaintiffs' expert reports.

Additionally, Defendant seeks to have Plaintiffs "provide maps right away." Plaintiffs understand Defendant to refer to the maps they intend to provide pursuant to the first *Gingles* precondition to establish that African Americans are "sufficiently large and geographically compact" to constitute a majority of the voting age population in a second congressional district. *Thornburg v. Gingles*, 478 U.S. 30, 50 (1986). The manner in which Plaintiffs will establish the first *Gingles* precondition is properly the subject of expert testimony. *See* Pls.' Br. in Opp. to Def.'s Mot. for J. on Pleadings, Doc. 31 at 17. Defendant's suggestion that Plaintiffs should produce a portion of their expert reports prior to the deadline for expert reports is unfounded. Defendant's desire to extend the discovery deadline based on this request is similarly unfounded. The typical expert discovery schedule will provide Defendant's experts ample time to address Plaintiffs' expert reports. Defendant should not be allowed to further delay resolution of this case because he wants more time to consider his defense.

Defendant: Defendant contends that one month is not at all sufficient for Defendant to respond to Plaintiffs' expert reports, which Defendant expects to include a proposed districting plan; historical information, and information about voter behavior, among other topics. Defendant thus suggests the following: Absent leave of Court or consent of the parties, Plaintiffs shall serve expert reports no later than **March 8, 2019.** Absent leave of Court or consent of the parties, Defendant shall serve expert reports no later than **[sixty days following submission of Plaintiffs' report]**. Absent leave of Court or consent of the parties, Plaintiffs shall serve any reply expert reports no later than **[30 days following submission of Defendant's report]**. All expert discovery must be completed by **July 31, 2019.** (Secretary Merrill suggests this date for the close of expert discovery on the assumption that Plaintiffs provide maps right away, and he notes that if Plaintiffs do not provide their maps before their suggested date of March 8, completing expert discovery by July 31, 2019 will be difficult).

(h)     Absent leave of Court or consent of the parties, each party shall serve no more than 25 requests for production (including discrete subparts) upon another party.

3

7.  Other Items:

(a)  Plaintiffs: Plaintiffs are available for a meeting with the Court prior to the entry of a Scheduling Order, but do not believe such a meeting is necessary at this time.

Defendant: Defendant requests a meeting with the Court prior to entry of a Scheduling Order.

(b)  Absent leave of Court or consent of the parties, the Plaintiffs shall have until **March 1, 2019** to amend their pleading or join parties.

(c)  Absent leave of Court or consent of the parties, the Defendants shall have until **21 days following any amendment by the Plaintiffs** to amend his pleading or join parties.

(d)  Plaintiffs: Dispositive motions shall be filed no later than **May 31, 2019**. Oppositions shall be filed no later than 30 days from the date of service. Replies shall be filed no later than 14 days from the date of service of an opposition.

Defendant: Defendant suggests that dispositive motions shall be filed no later than **August 30, 2019**. Oppositions shall be filed no later than 30 days from the date of service. Replies shall be filed no later than 14 days from the date of service of an opposition.

(e)  The Parties agree that there is no possibility of settlement.

(g)  Plaintiffs suggest that the Court schedule a bench trial in this case on **August 26, 2019**.

Defendant suggests that trial be scheduled for **November 2019**.

The Parties anticipate a one-week trial.

4

Dated: January 28, 2019

| | |
|---|---|
| Respectfully Submitted, | Respectfully submitted, |
| By */s/ James W. Davis* <br> James W. Davis (ASB-4063-I58J) <br> *Deputy Attorney General* <br> Winfield J. Sinclair (ASB-1750-S81W) <br> Misty S. Fairbanks Messick (ASB-1813-T71F) <br> Laura E. Howell (ASB-0551-A41H) <br> Brad A. Chynoweth (ASB-0030-S63K) <br> *Assistant Attorneys General* | By /s/ *Aria Branch* <br> Marc Erik Elias (*admitted pro hac vice*) <br> Bruce V. Spiva (*admitted pro hac vice*) <br> Aria C. Branch (*admitted pro hac vice*) <br> **Perkins Coie, LLP** <br> 700 13th St. N.W., Suite 600 <br> Washington, D.C. 20005-3960 <br> Phone: (202) 654-6338 <br> Fax: (202) 654-9106 <br> Email: MElias@perkinscoie.com <br> Email: ABranch@perkinscoie.com |
| Office of the Attorney General <br> 501 Washington Avenue <br> Montgomery, Alabama 36130-0152 <br> Telephone: (334) 242-7300 <br> Fax: (334) 353-8440 <br> jimdavis@ago.state.al.us <br> wsinclair@ago.state.al.us <br> mmessick@ago.state.al.us <br> lhowell@ago.state.al.us <br> bchynoweth@ago.state.al.us | Abha Khanna (*admitted pro hac vice*) <br> **Perkins Coie, LLP** <br> 1201 Third Avenue, Ste. 4900 <br> Seattle, WA 98101-3099 <br> Phone: (206) 359-8000 <br> Fax: (206) 359-9000 <br> Email: AKhanna@perkinscoie.com |
| Dorman Walker (ASB-9154-R81J) <br> BALCH & BINGHAM LLP <br> Post Office Box 78 <br> Montgomery, AL 36101-0078 <br> Telephone: (334) 834-6500 <br> Facsimile: (334) 269-3115 <br> dwalker@balch.com | By: *Richard P. Rouco* (AL Bar. No. 6182-R76R) <br> **Quinn, Connor, Weaver, Davies & Rouco LLP** <br> Two North Twentieth <br> 2-20th Street North, Suite 930 <br> Birmingham, AL 35203 <br> Phone: (205) 870-9989 <br> Fax: (205) 803-4143 <br> Email: rrouco@qcwdr.com |
| *Counsel for the Defendant* | *Attorneys for Plaintiffs* |

5