# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAKEISHA CHESTNUT, et al.,** | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No. 2:18-CV-00907-KOB |
| **JOHN H. MERRILL,** | ) |
| **Defendant.** | ) |

## **ORDER**

This matter comes before the court on Defendant Alabama Secretary of State John Merrill's amended request for taxation of costs. (Doc. 124). Secretary Merrill requests taxed costs after prevailing in the instant case. Plaintiffs argue that Secretary Merrill's request for costs must be denied as untimely. The court finds that, because of the extenuating circumstance of the COVID-19 pandemic, justice supports the grant of Secretary Merrill's request for costs.

On March 17, 2020, this court entered a memorandum opinion and order finding the instant case moot and dismissing it. (Doc. 121; doc. 122). On April 10, 2020—24 days after the court dismissed the case and in the midst of the COVID-19 pandemic—Secretary Merrill filed his first Bill of Costs. (Doc. 123). Later, on April 22, 2020, Secretary Merrill filed a motion to amend or correct the Bill of Costs because the first filing had been inaccurate. (Doc. 124). The court granted the motion to amend. (Doc. 124). Plaintiffs then filed a response contesting the request for costs because it was filed three days too late. (Doc. 127).

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Eleventh Circuit has held that this language

"establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Although district courts may exercise discretion in denying costs, a district court must state a "sound basis" for overcoming the presumption that costs should be awarded. *Id.* at 1039.

Rule 54 does not set a deadline for seeking costs; instead, "district courts generally impose such limits through local rule." *Barber v. Hood*, No. 2:15-CV-00997-JHE, 2019 WL 3997069, at *9 (N.D. Ala. Aug. 23, 2019). In this district, the local rules state that "[r]equests for taxation of costs (other than attorneys' fees) under Fed. R. Civ. P. 54(d) shall be filed with the Clerk within 21 days after entry of judgment." L.R. 54.1. Neither Rule 54 nor Local Rule 54.1 prescribes any penalty for failure to timely file a request for costs.

The Eleventh Circuit gives "great deference to a district court's interpretation of its local rules." *Clark v. Housing Auth.*, 971 F.2d 723, 727 (11th Cir. 1992). Interpreting Local Rule 54.1, a colleague on this court found that the presumption in favor of awarding costs can merit treating as timely a request for costs that was not properly, timely filed. *Equal Employment Opportunity Comm'n v. Riverview Animal Clinic, P.C.*, No. 2:09-CV-01950-AKK, 2011 WL 13229387, at *3 (N.D. Ala. June 23, 2011) (Kallon, J.). In light of the lack of penalties for untimely filing in the Rules, this court exercises similar discretion and interprets the Rules to allow the award of costs even where the request was untimely filed during extraordinary circumstances.

In the extraordinary circumstances of this case, the court cannot state a "sound basis" for overcoming the presumption of the award of costs. *See Chapman*, 229 F.3d at 1039. Both the deadline for filing costs and Secretary Merrill's belated request for costs came at a time of global

upheaval as the COVID-19 pandemic developed into an international crisis resulting in business closures and stay-at-home orders.  The pandemic has had such an extreme effect on the country, including the judiciary, that Chief Judge Coogler of this court entered a general order on March 17, 2020—the same day the court dismissed this case—temporarily suspending unexpired discovery deadlines and briefing schedules in civil cases.  *See* "General Order," *In re: Court Operations During the Public Health Emergency Caused by the COVID-19 Virus*, March 17, 2020, https://www.alnd.uscourts.gov/sites/alnd/files/General%20Order%20-%20Court%20Operations%20During%20the%20Public%20Health%20Emergency%20Caused%20By%20the%20COVID-19%20Virus%20effective%20March%2017%2C%202020.pdf.

Even in that atmosphere, Secretary Merrill filed his request for costs only three days late—a time frame unlikely to create any significant prejudice.  Against the tapestry formed by truly extraordinary circumstances, minor delay, a presumption in favor of the grant of costs, and the lack of a clear penalty for belated filing, this court finds that equity supports the award of costs to Secretary Merrill in this case despite his untimely request.  *See* Fed. R. Civ. P. 54(d)(1); L.R. 54.1; *Chapman*, 229 F.3d at 1038–39.

The Plaintiffs in this case did not dispute the amount of any of the costs submitted by Secretary Merrill.  Accordingly, the court GRANTS Secretary Merrill's amended request for costs.  The court ORDERS the Clerk to enter a separate taxation of costs.

**DONE** and **ORDERED** this 4th day of May, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE